1  JOSEPH M. WAHL (SBN 281920)
   joseph.wahl@btlaw.com
2  **BARNES & THORNBURG LLP**
   2029 Century Park East, Suite 300
3  Los Angeles, California 90067
   Telephone: (310) 284-3880
4  Facsimile:  (310) 284-3894

5  Attorneys for Defendants
   WHIRLPOOL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYONG CHOI, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION, a Delaware corporation; TOLL BROTHERS, INC., a Delaware corporation; TOLL WEST COAST LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:22-cv-06728<br><br>**DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Whirlpool Corporation ("Whirlpool"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes the above-captioned case, which was filed in the Superior Court in and for Los Angeles County, Case No. 22CHCV00605, to the United States District Court for the Central District of California.

## PROCEDURAL HISTORY

1.   On August 5, 2022, Plaintiff Kyong Choi ("Plaintiff") filed this product liability action styled *Kyong Choi v. Whirlpool Corporation; Toll Brothers,*

*Inc; Toll West Coast LLC; and Does 1-10, inclusive*, Case No. 22CHCV00605 in the Superior Court of California, County of Los Angeles.

2. On August 18, 2022, Plaintiff served their Summons and Petition on Whirlpool.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and amount in controversy.

4. This case is removable pursuant to 28 U.S.C. § 1441(b).

5. Pursuant to 28 U.S.C. § 1446(a), Whirlpool has attached to this notice "a copy of all process, pleadings, and orders served upon" it. *See* **Exhibit A**.

6. Defendants Whirlpool and Toll Brothers have answered Plaintiff's Complaint in state court. Copies of the Answers are attached as **Exhibit B**.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff Kyong Choi is a citizen of the state of California. *See* Plaintiff's Complaint ¶ 5.

8. Defendant Whirlpool Corporation is a Delaware corporation with its principal place of business in Michigan. Thus, Whirlpool is a citizen of the states of Delaware and Michigan.

9. Defendant Toll Brothers, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Thus, Toll Brothers, Inc. is a citizen of the states of Delaware and Pennsylvania.

10. Defendant Toll West Coast LLC is a Delaware limited liability company. Its sole member is Toll Bros., Inc., which is a Pennsylvania corporation with its principal place of business in Pennsylvania. Thus, Toll West Coast LLC is a citizen of the state of Pennsylvania.

11. Whirlpool, Toll Brothers, Inc., and Toll West Coast LLC, the only parties in interest served as defendants, are not citizens of the state of California. Therefore, complete diversity exists between all the parties.

## AMOUNT IN CONTROVERSY

12. The amount in controversy in this case exceeds $75,000 exclusive of interest and costs.

13. Plaintiff alleges personal injury from a Whirlpool oven in which he alleges that his foot "came into contact with the Razor Sharp Bottom vent" and he "immediately felt searing pain and his foot started bleeding profusely." Complaint ¶ 15. Plaintiff alleges, further, that the oven "sliced through the top of his right two toes and had cut off a chunk of Plaintiff's pinky toe." *Id*.

14. In his Complaint, the Plaintiff states his damages are "for reimbursement of the costs of medical care and other medical expenses which he incurred and for pain and suffering, in excess of $50,000." Complaint ¶ 2. Plaintiff "also seeks punitive damages." *Id*.

15. At one point, during informal discussions between the parties, outside the Complaint, Plaintiff demanded $70,000 in order to resolve the dispute and to avoid proceeding with litigation. Plaintiff stated that he believed his settlement offer, including his $70,000 offer, to be "a gift" to Whirlpool, implying that he would be seeking far more than $75,000 if this matter proceeded with formal litigation. *See Noriega v. Loews Hotel Holding Corp.,* 2019 WL 2296095 (S.D. Cal. May 30, 2019).

16. Plaintiff's Complaint also demands punitive damages because Defendants "acted with malice because they engaged in despicable conduct with a willful and conscious disregard of the safety of others," adding to the amount in controversy. Complaint ¶ 32.

17. Accordingly, the amount in controversy requirement has been met to establish subject matter jurisdiction based on diversity.

## OTHER REQUIREMENTS FOR REMOVAL

18. Whirlpool was served with the Petition on August 18, 2022. Thus, this Notice of Removal is being timely filed within the thirty (30) days of service of

1  initial pleadings pursuant to 28 U.S.C. § 1446(b).

2      19.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Central District of California, is the federal judicial district embracing the Superior Court of Los Angeles, California, where the state court action was originally filed.

    20.    Written notice of the filing of the Notice of Removal will be served on Plaintiffs' counsel and filed with the Superior Court of Los Angeles, California, pursuant to 28 U.S.C. § 1446(d).

    21.    Defendants Toll Brothers, Inc. and Toll West Coast LLC consent to the filing of this removal.

    22.    As of the date of this filing, there are no pending motions in this matter.

## CONCLUSION

WHEREFORE, Defendant Whirlpool Corporation requests that the above-entitled matter currently pending in the Superior Court of Los Angeles, California, be removed to the United States District Court for the Central District of California.

Dated:   September 19, 2022        **BARNES & THORNBURG LLP**

By: /s/Joseph M. Wahl
Joseph M. Wahl
Attorneys for Defendants
WHIRLPOOL CORPORATION,
TOLL BROTHERS, INC., and TOLL
WEST COAST LLC